IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
THIRD DIVISION

| | |
|---|---|
| The Minnesota School Boards Association Insurance Trust, and Independent School District 94, Cloquet,<br><br>Plaintiffs,<br><br>v.<br><br>The United States Equal Employment Opportunity Commission, Education Minnesota, and Education Minnesota - Cloquet,<br><br>Defendants. | Court File No. 2042 RHK/RLE<br><br>STIPULATION<br>and<br>ORDER |

The above-named parties, by and through their respective undersigned counsel, hereby agree and stipulate, pursuant to Rule 15, Federal Rules of Civil Procedure, that Plaintiffs may serve and file the Second Amended Complaint in the form attached hereto as Exhibit A.

NOV 15 2000
[illegible] CLERK

Dated: 11/6/00

THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By [signature]

Maria Luisa Morocco (# Md. Dist. Ct. 24357) *
Attorneys for Defendant United States Equal Employment Opportunity Commission
Washington, D.C. 20507
(202) 663-4678

* The Maryland Court of Appeals does not issue bar numbers.

Dated: 11-6-00

EDUCATION MINNESOTA AND EDUCATION MINNESOTA-CLOQUET

By________________________
Harley Ogata (# 160726 )
Attorneys for Defendants Education Minnesota-Cloquet and Education Minnesota
41 Sherburne Avenue
St. Paul, MN 55103
(651) 292-4830

ORIGINAL

Dated: Nov. 8, 2000

EDUCATION MINNESOTA AND EDUCATION MINNESOTA-CLOQUET

By ______________________________

Laurie Knocke (#________________)
Attorneys for Defendants Education Minnesota-Cloquet and Education Minnesota
30 E. Seventh Street, #3200
St. Paul, MN 55101
(651) 290-8486

Dated: 11-13-00

THE MINNESOTA SCHOOL BOARDS ASSOCIATION INSURANCE TRUST AND INDEPENDENT SCHOOL DISTRICT 94, CLOQUET

JOHNSON & CONDON, P.A.

By Shamus P. O'Meara

Shamus P. O'Meara (#221454)
Attorneys for Plaintiffs
Financial Plaza
7235 Ohms Lane
Minneapolis, MN 55439-2152
(612) 831-6544

**ORDER**

PURSUANT TO THE FOREGOING STIPULATION of the parties, and Rule 15, Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED** that Plaintiffs may serve and file the Second Amended Complaint in the form attached hereto as Exhibit A.

Dated: 11/15, 2000

BY THE COURT:

Raymond L. Erickson

Magistrate Raymond L. Erickson,
U.S. District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
THIRD DIVISION

| | | |
|---|---|---|
| The Minnesota School Boards Association Insurance Trust, and Independent School District 94, Cloquet, | ) | Court File No. 2042 RHK/RLE |
| Plaintiffs, | ) | |
| v. | ) | SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| The United States Equal Employment Opportunity Commission, Education Minnesota, and Education Minnesota - Cloquet, | ) | AND |
| | ) | JURY TRIAL DEMAND |
| Defendants. | ) | |

Plaintiffs, The Minnesota School Boards Association Insurance Trust ("MSBAIT") and Independent School District 94, Cloquet ("ISD 94"), for their Second Amended Causes of Action, state and allege as follows:

## INTRODUCTION

1. Plaintiffs MSBAIT and ISD 94 bring this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq.,the Administrative Procedure Act, 5 U.S.C. §§ 700, et seq., and the Constitution of the United States, to seek the Court's declaration as to MSBAIT and its School District Plan Participants', including ISD 94's, (the "Participants"), rights and legal relations with the Defendants as follows:

A. That the Participants are arms of the state of Minnesota and, therefore, possess immunity under the Eleventh Amendment to the Constitution of the United States ("Eleventh Amendment") against private lawsuits asserted under the Federal Age Discrimination in

EXHIBIT
A

Employment Act of 1967, 29 U.S.C. § 621, et seq., as amended (ADEA) arising from the Participants' retirement, health, severance and insurance plans (the "Plans");

B. That the ADEA may not constitutionally be applied to state or local governments because in enacting the legislation, Congress exceeded its power under the Commerce Clause, Article I, Section 8, Clause 3, of the Constitution of the United States ("Commerce Clause"), the Fourteenth Amendment to the Constitution of the United States ("Fourteenth Amendment"), the Tenth Amendment to the Constitution of the United States ("Tenth Amendment"), the principles of state sovereignty and federalism, United States Supreme Court case law and constitutional jurisprudence. Therefore, the ADEA cannot be applied to the Participants, nor can The United States Equal Employment Opportunity Commission ("EEOC") enforce such invalid legislation against the Participants, including Plaintiff ISD 94;

C. In the alternative, that the Participants' Plans comply with the ADEA; and

D. If the Participants' Plans do not comply with the ADEA, that Defendants Education Minnesota, and Education Minnesota - Cloquet, are bound by this Court's determinations.

E. Plaintiffs also seek injunctive relief to prohibit the EEOC from commencing any lawsuit against any Participant which seeks to determine that any of the Plans violate the ADEA.

**PARTIES AND RELATED ENTITIES**

2. MSBAIT is a non-profit corporation incorporated in the State of Minnesota, with its principal place of business in St. Peter, Minnesota. MSBAIT is authorized by Minnesota Statutes to engage in self-insurance on behalf of its Participants. A vast majority of School Districts in Minnesota are Participants in MSBAIT's self-insurance pool, The Minnesota School Boards Association Insurance Trust Group Self-Insured Property and Casualty Plan ("Trust Plan").

The Trust Plan is funded by the Participants, each of which provides for the education of citizens of Minnesota, and each of which is an arm of the State. Certain Participants have submitted claims under the Trust Plan in relation to charges filed by the EEOC against the Participants claiming that the Participants' retirement, health, severance and insurance plans violate the ADEA (hereinafter referred to as "The EEOC Claims"), such that, if indemnification obligations exist under the Trust Plan, all Participants will be financially impacted by The EEOC Claims.

3. Plaintiff ISD 94 is an Independent School District and public corporation created pursuant to Minnesota law. ISD 94 provides for the education of citizens of Minnesota, and is an arm of the State.

4. Defendant EEOC is an agency of the United States Government charged with the enforcement of the ADEA, 29 U.S.C. § 626.

5. Defendant Education Minnesota is a labor organization which, along with its local affiliates, represented the Participants' teachers in collective bargaining with the Participants which lead to the adoption of the Plans at issue in this action. Education Minnesota is named as a Defendant because of its role in negotiating the provisions of the Plans which the EEOC now claims are discriminatory, and because it represents the interests of the beneficiaries of the Plans. The declaratory relief sought will affect Education Minnesota's rights and legal relations with the Plaintiffs and Defendant EEOC.

6. Defendant Education Minnesota - Cloquet, is a labor organization which is the local affiliate of Defendant Education Minnesota for ISD 94. Defendant Education Minnesota - Cloquet represented ISD 94's employee teachers in collective bargaining with ISD 94 which lead to the adoption of one of the Plans at issue in this action (the "ISD 94 Plan"), and was a signatory to the

ISD 94 Plan. Education Minnesota - Cloquet is named as a Defendant because of its role in negotiating the provisions of the ISD 94 Plan to which the EEOC now claims is discriminatory, and because it represents the interests of the beneficiaries of the ISD 94 Plan. The declaratory relief sought will affect Education Minnesota - Cloquet's rights and legal relations with the Plaintiffs and Defendant EEOC.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the issues raised are Federal Questions arising under the Commerce Clause, Tenth, Eleventh and Fourteenth Amendments to the Constitution of the United States and the Age Discrimination in Employment Act of 1967, § 2, et seq., 29 U.S.C. § 621, et seq., as amended. This Court also has jurisdiction over this action under 28 U.S.C.§ 1346 (a)(2) because it involves an action against the United States as a defendant and is founded upon the Constitution and an Act of Congress. This Court also has jurisdiction over this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, as Plaintiffs seek a declaration of the propriety of the EEOC's enforcement actions against the Participants and whether the EEOC exceeded the statutory authority proscribed to it by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626, as amended, as further described herein. To the extent supplemental issues are raised by this Complaint, this Court has jurisdiction over such issues pursuant to 28 U.S.C. § 1667.

8. Venue pursuant to 28 U.S.C. § 1391 is proper because a substantial part of the events giving rise to this action occurred in this District in that the Plans were collectively bargained-for, and administered, in the State of Minnesota, and because Defendants Education Minnesota and Education Minnesota - Cloquet reside, may be found, or maintain their principal

offices within the District, and because an agency of the United States or the United States is a defendant. Venue is also appropriate under 28 U.S.C. § 1402 (a)(1).

## GENERAL ALLEGATIONS

### MSBAIT Participants are Arms of the State of Minnesota

9. Minn. Const. Art. XIII, § 1 mandates a fundamental right to public education in Minnesota by compelling the Minnesota Legislature to establish a general, uniform, thorough and efficient system of public schools through taxation or other public funding.

10. Minnesota School Districts, including the Participants, are public entities created for public purposes; the School Districts' corporate powers are exercised for the public function of education, and each are therefore arms of the State of Minnesota.

11. Minnesota School Districts, including the Participants, are financed predominately by State of Minnesota funding.

12. Funds to the Participants by the State of Minnesota are pooled with other Participants' contributions to MSBAIT for use in the payment of claims covered under MSBAIT's Trust Plan. If claims related to The EEOC Claims are covered by the Trust Plan, funds utilized to pay The EEOC Claims will have been derived from the State Treasury.

### History of Early Retirement Incentive/Severance Pay Provisions

13. On information and belief, in the early 1970s, the Minnesota Legislature authorized Minnesota School Districts to provide severance pay to School District teachers, and to establish, prescribe and promulgate provisions, rules and regulations for the payment of severance pay upon leaving employment prior to a teacher's normal retirement date.

14. On information and belief, since the 1970s, teachers' unions have proposed severance pay or early retirement incentive pay provisions in Minnesota School District contracts and Plans.

15. On information and belief, the rationale provided for the proposed severance pay or early retirement incentive pay provisions in School District contracts and Plans was long-term cost savings to the School Districts.

16. Thereafter, the Minnesota Legislature authorized School Districts to establish early retirement incentive and severance plans.

17. School District rationale for the severance and early retirement incentive pay plans continues to be long-term cost savings to the School Districts.

18. The Minnesota Supreme Court in State by Beaulieu v. Independent School District No. 624, 533 N.W.2d 393 (Minn. 1995) held that voluntary declining scale early retirement incentive pay provisions do not unlawfully discriminate based on age under Minnesota Law.

19. The ISD 94 Plan is attached to this Complaint as Exhibit 1.

20. Attached to this Complaint as Exhibits 2 and 3 are plans collectively bargained-for from Independent School District 118 (Remer/Longville) and Independent School District 181 (Brainerd).

**EEOC Allegations That The Plans Violate the ADEA**

21. During the past year the EEOC began issuing form letters to the Participants purporting to determine the compliance status of each Participant with the ADEA in relation to certain provisions in the Participants' Plans.

22. In these form letters, EEOC charged the Participants with violations of the ADEA, and sought information and responses to questionnaires from the Participants. On information and belief, the EEOC utilized the information and questionnaire responses to determine if the Participants' Plans had complied with the ADEA.

23. Subsequent to sending these initial form letters, EEOC issued Letters of Determination to the vast majority of Participants which provided a "determination on the merits of this charge" of ADEA violations; the EEOC uniformly, and generally in a form letter, "found" the Plans to be discriminatory under the ADEA.

24. The EEOC has sought certain relief, as well as alterations in the purportedly discriminatory aspects of the Plans from the Participants through informal methods of conciliation, conference and persuasion; however, on information and belief, the EEOC has not altered any of its determinations that the Participants have violated the ADEA.

25. At least one Participant, Plaintiff ISD 94, has rejected the informal methods of conciliation, conference and persuasion.

26. On August 31, 2000, the EEOC issued a notice to Plaintiff ISD 94 that conciliation efforts would be futile or non-productive and that the case was being forwarded for possible litigation; further, at other times material, the EEOC has issued similar notices to other Participants.

27. That since conciliation efforts have failed, the EEOC, or any other party aggrieved by the subject matter of the EEOC Claims, now has the right to commence litigation against Plaintiff ISD 94, or other Participants to whom notice has been provided, to purportedly enforce their rights under the ADEA.

28. That since the EEOC has concluded that Plaintiff ISD 94's plans, and the Participant's Plans are in violation of the ADEA, Plaintiff ISD 94, and the Participants are faced with not only the likelihood of multiple lawsuits and potentially inconsistent adjudications, but also with serious labor disputes over the viability of current Plans and the ability to renegotiate with the collective bargaining units in light of the EEOC's determination.

## COUNT I

## THE ADEA IS UNCONSTITUTIONAL WHEN APPLIED TO THE PARTICIPANTS AND THE EEOC HAS NO AUTHORITY TO ENFORCE INVALID LEGISLATION AGAINST THE PARTICIPANTS.

29. The Plaintiffs incorporate herein Paragraphs 1 through 28 as though fully set forth in this Count.

30. That the ADEA may not be constitutionally applied to state or local governments since it is legislation that exceeds Congress' power under the Commerce Clause, the Tenth Amendment, the Fourteenth Amendment, the principles of state sovereignty and federalism, United States Supreme Court caselaw and constitutional jurisprudence.

31. The ADEA cannot be applied to the Participants nor can the EEOC enforce such invalid legislation against the Participants.

32. An actual controversy exists between Plaintiff MSBAIT on behalf of its Participants, including Plaintiff ISD 94 individually, and the Defendant EEOC as to whether the ADEA may be constitutionally applied to the Participants, and as to whether the EEOC may enforce invalid legislation against the Participants.

33. That Plaintiff MSBAIT on behalf of the Participants, including Plaintiff ISD 94, and Plaintiff ISD 94, individually, are entitled to a declaration that the ADEA may not be

constitutionally applied to the Participants, and the EEOC has no authority to enforce the ADEA against the Participants.

## COUNT II

## DECLARATION THAT THE PARTICIPANTS ARE IMMUNE FROM PRIVATE SUITS UNDER THE ELEVENTH AMENDMENT.

34. The Plaintiffs incorporate herein Paragraphs 1 through 33 as though fully set forth in this Count.

35. The Participants are arms of the State and, therefore, entitled to Eleventh Amendment immunity for any private lawsuits under the ADEA arising from the Plans.

36. An actual controversy exists between Plaintiff MSBAIT on behalf of the Participants, including Plaintiff ISD 94 individually, and Defendants Education Minnesota, and Education Minnesota - Cloquet, in their respective representative capacity of the Plan beneficiaries, as to whether the Participants, including ISD 94 individually, are immune from liability under the Eleventh Amendment to the Constitution of the United States for private lawsuits under the ADEA arising from the Plans.

37. That Plaintiff MSBAIT on behalf of its Participants, including Plaintiff ISD 94, and Plaintiff ISD 94, individually, are entitled to a declaration that the Participants are immune under the Eleventh Amendment from private suits under the ADEA arising from the Plans.

## COUNT III

## ALTERNATIVE DECLARATORY RELIEF: DECLARATION THAT THE PLANS COMPLY WITH THE ADEA

38. The Plaintiffs incorporate herein Paragraphs 1 through 37 as though fully set forth in this Count.

39. The ISD Plans are representative of the Participants' Plans which have been cited by the EEOC as allegedly violating the ADEA.

40. The ISD 94 Plan has been cited by the EEOC as allegedly violating the ADEA.

41. Plaintiffs allege the Participants' Plans, including the ISD 94 Plan, comply with the ADEA.

42. An actual controversy exists between Plaintiff MSBAIT on behalf of the Participants, including Plaintiff ISD 94 individually, and the Defendants as to whether the Participants' Plans, including the ISD 94 Plan, comply with the ADEA.

43. If the Court determines that the Participants are not immune under the Eleventh Amendment from private lawsuits under the ADEA arising from the Plans, and/or if the Court determines that the ADEA may be constitutionally applied to the Participants, then Plaintiffs are entitled to a declaration that the Participants' Plans, including the ISD 94 Plan, comply with the ADEA.

## COUNT IV

## INJUNCTIVE RELIEF: EEOC PROHIBITED FROM BRINGING A LAWSUIT AGAINST ANY PARTICIPANT FOR VIOLATIONS OF THE ADEA

44. The Plaintiffs incorporate herein Paragraphs 1 through 43 as though fully set forth in this Count.

45. As plead in Count II above, the EEOC has no right or authority to enforce invalid legislation against Plaintiff ISD 94 and the Participants, and the Plaintiffs further allege the EEOC should not be permitted to further pursue or otherwise attempt to enforce the ADEA in relation to the Plans at issue in this action because the ADEA may not be constitutionally applied to Plaintiff ISD 94 and the Participants.

46. Because the EEOC may not enforce the ADEA against the Participants, including ISD 94, Plaintiff MSBAIT on behalf of the Participants, including Plaintiff ISD 94 individually, are entitled to an Order permanently enjoining the EEOC from commencing any lawsuit against any of the Participants, including ISD 94, for any alleged violations of the ADEA in relation to any of the Plans.

## COUNT V

## LEGAL EFFECT OF COURT'S RULINGS UPON DEFENDANTS EDUCATION MINNESOTA AND EDUCATION MINNESOTA - CLOQUET

47. The Plaintiffs incorporate herein Paragraphs 1 through 46 as though fully set forth in this Count.

48. Defendant Education Minnesota and its affiliated labor union locals, including Defendant Education Minnesota - Cloquet, were the Plans' collective bargaining negotiators on behalf of the teachers whom the EEOC now claims are discriminated against by the Plans.

49. Because of Defendant Education Minnesota's and Defendant Education Minnesota - Cloquet's status as unions involved in the collective bargaining process, these Defendants face potential liability if the Court alternatively determines the Plans do not comply with the ADEA.

50. Because the EEOC has already issued Determinations that some of the Plans violate the ADEA, an actual controversy exists between Plaintiffs and Defendants Education Minnesota and Education Minnesota - Cloquet as to whether the Participants, or Defendants Education Minnesota and Education Minnesota - Cloquet, may be liable for the ADEA violations if it is found that the Participants are not immune under the Eleventh Amendment from private lawsuits under the ADEA arising from the Plans, or if the Court determines the ADEA may be constitutionally applied to the Participants, and if it is further determined that the Plans violate the ADEA.

51. If the Court determines that the ADEA may be constitutionally applied to the Participants, including Plaintiff ISD 94, by the EEOC, and if the Court determines that the Participants are not immune under the Eleventh Amendment from private lawsuits under the

ADEA arising from the Plans, then Plaintiffs are entitled to a determination that Defendants Education Minnesota and Education Minnesota - Cloquet are bound by this Court's determinations on all issues raised in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief from this Court:

1) Pursuant to the Commerce Clause, the Tenth Amendment, the Fourteenth Amendment, principles of state sovereignty and federalism, United States Supreme Court caselaw and constitutional jurisprudence, a Declaration that the ADEA may not be constitutionally applied, and the EEOC may not enforce the ADEA, against the Participants, including Plaintiff ISD 94;

2) A Declaration that the Participants, including ISD 94, are immune under the Eleventh Amendment to the Constitution of the United States from private lawsuits for ADEA claims arising from the Plans;

3) In the alternative, Plaintiffs seek a Declaration that the Plans comply with the ADEA;

4) A permanent injunction prohibiting the EEOC from commencing a lawsuit against any Participant based upon any assertion that the Participants' Plans violate the ADEA;

5) A Declaration that Defendants Education Minnesota and Education Minnesota - Cloquet are bound by this Court's determinations on all issues raised in this action;

6) For such other and further relief as is just, appropriate and equitable.

JOHNSON & CONDON, P.A.

Dated: ______________________ By: ______________________________

Shamus P. O'Meara (#221454)
Dale O. Thornsjo (#162048)
Attorneys for Plaintiffs
Financial Plaza
7235 Ohms Lane
Minneapolis, MN 55439-2152
Telephone: (952) 831-6544
Direct Dial: (952) 806-0438

**JURY TRIAL DEMAND**

To the extent the issues raised in this action require factual resolution, Plaintiffs hereby request Trial by Jury.

JOHNSON & CONDON, P.A.

Dated: ______________________ By: ______________________________

Shamus P. O'Meara (#221454)
Dale O. Thornsjo (#162048)
Attorneys for Plaintiffs
Financial Plaza
7235 Ohms Lane
Minneapolis, MN 55439-2152
Telephone: (952) 831-6544
Direct Dial: (952) 806-0438

263603.wpd

RLE

**JOHNSON & CONDON, P.A.**
ATTORNEYS AT LAW
FINANCIAL PLAZA
7235 OHMS LANE
MINNEAPOLIS, MINNESOTA 55439-2152

TELEPHONE (952) 831-6544
FAX (952) 831-1869

JON J. JOHNSON
MARK J. CONDON
GREGORY A. McCLENAHAN*
TIMOTHY J. LEER***
MARY E. CHRISTENSON
CHRISTOPHER E. CELICHOWSKI
MARK A. WAGNER
DALE O. THORNSJO
ROBERT E. KUDERER
MARY E. KOHL***
B. JON LILLEBERG
SHAMUS P. O'MEARA

* ALSO LICENSED IN IOWA
** ALSO LICENSED IN NORTH DAKOTA
*** ALSO LICENSED IN WISCONSIN

ELIZABETH BENSON POWELL
TERESA M. THOMPSON
PAUL S. HOPEWELL
MATTHEW M. JOHNSON
ROBERT A. FLEAGLE**
MORGAN A. GODFREY
CHAD H. GABERT
MARK R. AZMAN
TIMOTHY P. ECLOV
JEREMY D. ROSENBERG
KRISTEN A. ANDERSON

DEBORAH O. CRAMER
OFFICE MANAGER

RECEIVED BY MAIL
NOV 1 2000
CLERK U.S. DIST. COURT

November 13, 2000

Clerk of Court
U.S. District Court
District of Minnesota - Third Division
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re: MSBAIT and ISD 94 ads. EEOC and Education Minnesota, *et al*
**Court File No. 00-CV-2042 RHK/RLE**
Our File No.: 4291-1265

Dear Clerk of Court:

Enclosed for filing please find the parties' original executed Stipulation in the above-referenced matter. Could you please forward this document to Magistrate Erickson for review and signature of the enclosed Order if it meets with his approval. Thank you.

Respectfully submitted,

JOHNSON & CONDON, P.A.

Shamus P. O'Meara

Shamus P. O'Meara
Direct Dial: (952) 806-0438
SPO:tlb 265739.wpd
Enclosure
cc: Harley Ogata (w/encl.)
Laurie A. Knocke (w/encl.)
Maria Luisa Morocco (w/encl.)